Richard J. McCord, Esq.
CERTILMAN BALIN ADLER & HYMAN, LLP
Counsel to the Chapter 7 Trustee
90 Merrick Avenue
East Meadow, NY 11554
Telephone: (516) 296-7000
Facsimile: (516) 296-7111

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X

In re:

                                         Chapter 7

HOME ATTENDANT VENDOR AGENCY INC.
a/k/a HAVA,                                      Case No.: 20-40037-nhl

                                    Debtor.
-------------------------------------------------------------------X
RICHARD J. MCCORD, ESQ., Chapter 7 Trustee for
the estate of HOME ATTENDANT VENDOR AGENCY
INC. a/k/a HAVA,

                                Plaintiff,        Adv. Pro. No. 21-

        -against-

BHRAGS HOME CARE, CORP.,

                                Defendant.
-------------------------------------------------------------------X

## COMPLAINT

      Plaintiff, Richard J. McCord, the Chapter 7 Trustee (the "Trustee" or "Plaintiff") for Home Attendant Vendor Agency Inc. a/k/a HAVA (the "Debtor"), by his attorneys, Certilman Balin Adler & Hyman, LLP, complaining of Defendant, Bhrags Home Care, Corp., respectfully alleges and sets forth to this Court as follows:

### JURISDICTION AND PARTIES

      1.     This action arises under 11 U.S.C. §§ 541, 542, 544, 547, 548, 550 and 551 and Rules 6009, 7001 and 7008 of the Federal Rules of Bankruptcy Procedure (hereinafter

"Bankruptcy Rules"), New York Debtor & Creditor Law ("DCL") § 271 *et seq*. and New York common law.

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. §§157 and 1334. The statutory predicate for this proceeding is 11 U.S.C. §§105, 541, 542, 544, 547, 548, 550, 551, as this action arises in and under the pending Chapter 7 case of the Debtor, and New York common law.

3. This action is a core proceeding pursuant to 28 U.S.C. §157(b)(2)(A), (E), (F), (H) and (O) and 28 U.S.C. §1334.

4. Venue is proper in this district pursuant to 28 U.S.C. §1409(a).

5. The Plaintiff is the duly appointed Chapter 7 Trustee pursuant to 11 U.S.C. §704, having been appointed on January 3, 2020.

6. Upon information and belief, Defendant, Bhrags Home Care, Corp. is a New York domestic not-for-profit corporation with its principal address located at 9805 Foster Avenue, Brooklyn, New York 11236.

## BACKGROUND FACTS

7. On January 3, 2020 (the "Petition Date"), the Debtor filed a voluntary petition for relief pursuant to Chapter 7 of title 11 of the United States Code.

8. The Debtor was a New York not-for-profit corporation with its principal place of business located at 3036-B Nostrand Avenue, Brooklyn, New York 11229. The Debtor provided personal home care services to the elderly, the sick, and the handicapped.

9. Pursuant to the Debtor's Statement of Financial Affairs filed with the Voluntary Petition, Jean Fleury ("Fleury") is listed as the Executive Director of the Debtor and also signed

the Schedules in his capacity as same. Accordingly, Fleury is an insider of the Debtor pursuant to 11 U.S.C. Section 101(31).

10. Upon information and belief, prior to the Petition Date, the Debtor received goods or services or extensions of credit from the Defendant.

11. Alternatively, upon information and belief, prior to the Petition Date, the Debtor did not receive any goods or services or extensions of credit or any other form of consideration from the Defendant.

12. Prior to the Petition Date, the Debtor had been experiencing liquidity shortfalls and was indebted to the New York State Department of Labor ("NYS Dept of Labor") for unemployment insurance contributions and District Council 1707 Local 389 Home Care Employees and Professional Staff Pension Fund (the "Pension Fund") and District Council 1707 Local 389 Home Care Employees Health and Welfare Fund (the "Health Fund", together with the Pension Fund the "Funds") for contributions due to benefit funds.

13. Prior to the Petition Date, and at the time of the prepetition transfer, which is the subject of this Complaint, the Debtor could not pay its debts as they came due.

14. Prior to the Petition Date, and at the time of the prepetition transfer, which is the subject of this Complaint, the Debtor was insolvent or rendered insolvent thereby.

15. On January 3, 2020, the Debtor caused a transfer to be made by check and/or wire transfer to or for the benefit of the Defendant ("Preferential Transfer" or the "Transfer") in the amount of $10,000.00. See **Exhibit "A"** annexed hereto for a copy of the cancelled check.

16. Upon information and belief, the Preferential Transfer was made on account of an obligation of the Debtor.

17. In the alternative, upon information and belief, the Preferential Transfer was made on account of Insider debts or obligations, and not on account of an obligation of the Debtor, or not made on account of an obligation of anyone.

18. In accordance with Bankruptcy Code §547(b), the Trustee performed the required due diligence in the circumstances of this case and took into account a parties known or reasonably knowable affirmative defenses prior to commencing this action.

## AS AND FOR A FIRST CLAIM FOR RELIEF
### AGAINST THE DEFENDANT
#### 11 U.S.C. §§ 547, 550

19. Plaintiff repeats and realleges each and every allegation in paragraphs "1" through "18" as though more fully set forth word for word herein.

20. The Preferential Transfer was made within ninety (90) days of the Petition Date.

21. The Preferential Transfer was made from a bank account maintained by the Debtor, which was controlled by the Debtor and/or the Insider of the Debtor, and constituted transfer of the Debtor's interest in property.

22. To the extent that the Preferential Transfer was made on account of an antecedent debt owed by the Debtor to Defendant, the Preferential Transfer was made to, or for the benefit of Defendant, a creditor of the Debtor.

23. To the extent that the Preferential Transfer was made on account of an antecedent debt owed by the Debtor to the Defendant, upon information and belief, the Preferential Transfer was made pursuant to agreements or contracts between the Debtor and the Defendant.

24. To the extent that the Preferential Transfer was made on account of an antecedent debt owed by the Debtor to Defendant, the alleged debt was incurred by the Debtor to Defendant before the Preferential Transfer was made.

25. The Preferential Transfer enabled Defendant to receive more than it would have received if: (a) the Debtor's case was filed under Chapter 7 of the Bankruptcy Code; (b) the Preferential Transfer had not been made; and (c) Defendant received payment of its claim as provided under Chapter 7 of the Bankruptcy Code.

26. To the extent that the Preferential Transfer was made on account of an antecedent debt owed by the Debtor to Defendant, the Preferential Transfer constituted an avoidable transfer pursuant to Bankruptcy Code § 547(b) and, in accordance with Bankruptcy Code § 550(a), the Trustee may recover the amount of the Preferential Transfer from Defendant, plus appropriate interest thereon.

27. Based upon the foregoing, Plaintiff is entitled to a judgment (i) pursuant to Bankruptcy Code § 547(b) avoiding the Preferential Transfer, and (ii) pursuant to 11 U.S.C. §§ 550(a) and 551, may recover from Defendant the amount of the Preferential Transfer, which amount is not less than $10,000.00, plus appropriate interest thereon.

## AS AND FOR A SECOND CLAIM FOR RELIEF
### AGAINST THE DEFENDANT
**11 U.S.C. §§ 548(a)(1)(A), 550**

28. Plaintiff repeats and realleges each and every allegation in paragraphs "1" through "27" as though more fully set forth word for word herein.

29. The Preferential Transfer was made within two (2) years of the Petition Date.

30. The Preferential Transfer was made from Debtor funds and constituted an interest of the Debtor in property.

31. The Preferential Transfer was made with actual intent to hinder, delay or defraud the Debtors' creditors, including the NYS Dept of Labor and the Funds, under Bankruptcy Code § 548(a)(1)(A).

32. Based upon the foregoing, the Plaintiff is entitled to judgment against the Defendant (i) avoiding the Preference Transfer under Bankruptcy Code § 548(a)(1)(A), and (ii) pursuant to 11 U.S.C. §§ 550(a) and 551, may recover from Defendant an amount equal to the Preferential Transfer, which amount is not less than $10,000.00, plus appropriate interest thereon.

### AS AND FOR A THIRD CLAIM FOR RELIEF
### AGAINST THE DEFENDANT
**11 U.S.C. §§ 548(a)(1)(B), 550**

33. Plaintiff repeats and realleges each and every allegation in paragraphs "1" through "32" as though more fully set forth word for word herein.

34. The Preferential Transfer was made within two (2) years of the Petition Date.

35. The Preferential Transfer was made from Debtor funds and constituted an interest of the Debtors in property.

36. The Debtor received less than a reasonably equivalent value in exchange for the Preferential Transfer.

37. Upon information and belief, the Debtor (i) was insolvent on the date that the Preferential Transfer was made or became insolvent as a result of the Preferential Transfer, (ii) was engaged in business or a transaction, or was about to engage in business or a transaction, for which any property remaining with the Debtor was unreasonably small capital, or (iii) intended to incur, or believed that it would incur, debts that would be beyond its ability to pay as they matured.

38. The Preferential Transfer constitutes an avoidable transfer pursuant to Bankruptcy Code § 548(a)(1)(B).

39. Based upon the foregoing, the Plaintiff is entitled to judgment against the

Defendant (i) avoiding the Preferential Transfer under Bankruptcy Code § 548(a)(1)(B), and (ii) pursuant to 11 U.S.C. §§ 550(a) and 551, may recover from Defendant an amount equal to the Preferential Transfer, which amount is not less than $10,000.00, plus appropriate interest thereon.

### AS AND FOR A FOURTH CLAIM FOR RELIEF
### AGAINST THE DEFENDANT
### 11 U.S.C. §§ 544(b), 550, DCL § 273

40. Plaintiff repeats and realleges each and every allegation in paragraphs "1" through "39" as though more fully set forth word for word herein.

41. Upon information and belief, the Debtor was either insolvent at the time it caused the Transfer to be made to Defendant or was rendered insolvent thereby within the meaning of DCL § 271.

42. Upon information and belief, on the date of the Transfer, the value of the Debtor's assets was less than the amount required to pay the Debtor's existing debts as such debts became absolute and mature.

43. Upon information and belief, the Debtor did not receive fair consideration in exchange for the Transfer within the meaning of DCL § 272.

44. Upon information and belief, as of the Petition Date, there existed actual unsecured creditors of the Debtor (*e.g*., NYS Dept of Labor and the Funds) which could have avoided any transfer of an interest of the Debtor in property that is avoidable under DCL § 273 by a creditor holding an unsecured claim that is allowable under 11 U.S.C. § 502 or that is not allowable only under 11 U.S.C. § 502(e).

45. Pursuant to 11 U.S.C. § 544(b)(1), the Trustee may avoid any transfer of an interest of the Debtor in property that is voidable under applicable law by a creditor holding an

unsecured claim that is allowable under 11 U.S.C. § 502.

46. Upon information and belief, the Transfer was fraudulent transfer pursuant to DCL § 273 since the Debtor did not receive fair consideration therefor.

47. By virtue of the foregoing, Plaintiff is entitled to judgment against the Defendant pursuant to DCL § 273 finding that the Transfer was a fraudulent conveyance and consequently setting aside such transfer pursuant to Bankruptcy Code §§ 544(b), 550(a) and 551, and awarding the Plaintiff damages in the sum of not less than $10,000.00, plus appropriate interest thereon.

### AS AND FOR A FIFTH CLAIM FOR RELIEF
### AGAINST THE DEFENDANT
### 11 U.S.C. §§ 544(b), 550, DCL § 274

48. Plaintiff repeats and realleges each and every allegation in paragraphs "1" through "47" as though more fully set forth word for word herein.

49. Upon information and belief, on the date of the Transfer, the Debtor was engaged in a business for which the assets remaining in their hands represented an unreasonably small capital.

50. Upon information and belief, on the date of the Transfer, the value of all of the Debtor's assets was less than the amount required to pay the Debtor's existing debts as such debts became absolute and mature.

51. Upon information and belief, the Debtor did not receive fair consideration in exchange for the Transfer within the meaning of DCL § 272.

52. Upon information and belief, on the Petition Date, there was actual existing unsecured creditors holding claims allowable under Bankruptcy Code § 502 that are allowable under Bankruptcy Code § 502(e), who could have avoided the Transfer under DCL § 274.

53. Pursuant to 11 U.S.C. § 544(b)(1), the Trustee may avoid any transfer of an

interest of the Debtor in property that is voidable under applicable law by a creditor holding an unsecured claim that is allowable under 11 U.S.C. § 502.

54. Upon information and belief, the Transfer was fraudulent transfer as to the Debtor's creditors since such transfer left the Debtor with unreasonably small capital with which to engage in its business.

55. By virtue of the foregoing, Plaintiff is entitled to judgment against Defendant pursuant to DCL § 274 finding that the Transfer was a fraudulent conveyance and consequently setting aside such transfer pursuant to Bankruptcy Code §§ 544(b) and 550(a) and awarding the Plaintiff damages in the sum of not less than $10,000.00 plus appropriate interest thereon.

**AS AND FOR A SIXTH CLAIM FOR RELIEF**
**AGAINST THE DEFENDANT**
**11 U.S.C. §§ 544(b), 550, DCL § 275**

56. Plaintiff repeats and realleges each and every allegation in paragraphs "1" through "55" as though more fully set forth word for word herein.

57. Upon information and belief, on the date of the Transfer, the Debtor knew or should have known that it would incur debts beyond its ability to pay such debts as they matured.

58. Upon information and belief, the Debtor's knowledge of such inability to pay such debts requires that the Transfer be declared fraudulent conveyances under DCL § 275.

59. The Transfer was a fraudulent conveyance pursuant to DCL § 275.

60. Upon information and belief, on the Petition Date, there was actual existing unsecured creditors holding claims allowable under Bankruptcy Code § 502 that are allowable under Bankruptcy Code § 502(e), who could have avoided the Transfer under DCL § 275.

61. Pursuant to 11 U.S.C. § 544(b)(1), the Trustee may avoid any transfer of an interest of the Debtor in property that is voidable under applicable law by a creditor holding an

unsecured claim that is allowable under 11 U.S.C. § 502.

62.     Accordingly, the Plaintiff requests a judgment against Defendant finding that the Transfer was a fraudulent conveyance pursuant to DCL § 275 and consequently setting aside such transfer pursuant to Bankruptcy Code §§ 544(b) and 550(a) and awarding the Plaintiff damages in the sum of not less than $10,000.00 plus appropriate interest thereon.

### AS AND FOR A SEVENTH CLAIM FOR RELIEF
### AGAINST THE DEFENDANT
### 11 U.S.C. §§ 544(b), 550, DCL § 276

63.     Plaintiff repeats and realleges each and every allegation in paragraphs "1" through "62" as though more fully set forth word for word herein.

64.     Upon information and belief, on the Petition Date, there was actual existing unsecured creditors holding claims allowable under Bankruptcy Code § 502 that are allowable under Bankruptcy Code § 502(e), who could have avoided the Transfer under DCL § 276.

65.     Pursuant to 11 U.S.C. § 544(b)(1), the Trustee may avoid any transfer of an interest of the Debtor in property that is voidable under applicable law by a creditor holding an unsecured claim that is allowable under 11 U.S.C. § 502.

66.     On January 3, 2020, the Debtor transferred the Preferential Transfer to Defendant in the total amount of $10,000.00.

67.     The Transfer in the amount of $10,000.00 could have been utilized to pay a portion of the claims of the NYS Dept of Labor and the Funds.

68.     The Transfer was made with actual intent to defraud the NYS Dept of Labor or the Funds.

69.     By virtue of the foregoing, Plaintiff requests a judgment against Defendant finding that the Transfer was a fraudulent conveyance pursuant to DCL § 276 and consequently

setting aside such transfer pursuant to Bankruptcy Code §§ 544(b) and 550(a) and awarding the Plaintiff damages in the sum of not less than $10,000.00, plus appropriate interest thereon.

**AS AND FOR AN EIGHTH CLAIM FOR RELIEF**
**AGAINST THE DEFENDANT**
**11 U.S.C. §§ 544(b), 550, DCL § 276-a**

70. Plaintiff repeats and realleges each and every allegation in paragraphs "1" through "69" as though more fully set forth word for word herein.

71. In the event the Court determines that the Plaintiff may avoid the Transfer and recover the value thereof for the benefit of the Estate pursuant to Bankruptcy Code §§ 544(b) and 550 and DCL § 276, the Plaintiff is entitled to an award of attorneys' fees and expenses pursuant to DCL § 276-a.

72. By virtue of the foregoing Plaintiff seeks a judgment in the amount of the attorneys' fees and expenses it incurs in connection with this action.

**AS AND FOR A NINTH CLAIM FOR RELIEF**
**AGAINST THE DEFENDANT**
**Unjust Enrichment**

73. Plaintiff repeats and realleges each and every allegation in paragraphs "1" through "72" as though more fully set forth word for word herein.

74. The Preferential Transfer to Defendant was an impermissible transfer of the Debtor's interest in property. Consequently, Defendant was the ultimate beneficiary of such transfer under circumstances in which Defendant would be unjustly enriched if it was to retain such transfer, since the Debtors did not receive reasonably equivalent value therefor.

75. As a result, Defendant has been unjustly enriched and may not in equity and good conscience retain the Preferential Transfer.

76. Based upon the foregoing, Defendant is liable to Plaintiff under New York

common law for unjust enrichment in an amount as yet to be determined, but in no event less than $10,000.00, plus appropriate interest thereon.

### AS AND FOR A TENTH CLAIM FOR RELIEF
### AGAINST THE DEFENDANT
#### Disallowance of Claims

77. Plaintiff repeats and realleges each and every allegation in paragraphs "1" through "76" as though more fully set forth word for word herein.

78. Upon information and belief, Defendant may file a proof of claim against the Debtor.

79. Defendant is the recipient of the Preferential Transfer, which constitutes an avoidable transfer under Bankruptcy Code §§ 547(b), 548 and 544, respectively.

80. Defendant has not paid the amount, or turned over such property, for which Defendant is liable under Bankruptcy Code § 550.

81. Pursuant to Bankruptcy Code § 502(d), the Court shall disallow any claim of the Defendant to the extent property is recoverable from under §§ 542, 543, 550, or 553 of title 11, or that is a transferee of a transfer avoidable under §§ 522(f), 522(h), 544, 545, 547, 548, 549, or 724(a) of title 11, unless Defendant shall have paid the amount recoverable.

82. Until such time as Defendant returns the Transfer to the Plaintiff, Defendant claims, whether now or subsequently scheduled, filed or otherwise asserted in the above-captioned chapter 7 estate, should be disallowed in its/their entirety.

### RESERVATION OF RIGHTS

83. It is the intent of the Plaintiff to recover the transfer of property of the Debtor made to the Defendant prior to the Petition Date and, as such, hereby specifically reserves its rights to amend this Complaint to seek to recover such additional transfer, if any, that are not

identified herein, to bring any and all other causes of action that it may maintain against Defendant, including, without limitation, causes of action arising out of the same transaction(s) set forth herein, to the extent discovery in this action or further investigation by the Plaintiff reveals such additional transfer or further causes of action.

**WHEREFORE,** Plaintiff prays for a judgment granting the relief against the Defendant as set forth below:

(a) Avoidance and recovery of the Preferential Transfer in the sum of not less than $10,000.00 plus interest, pursuant to Bankruptcy Code §§ 547 and 550;

(b) Avoidance and recovery of the Preferential Transfer in the sum of not less than $10,000.00, plus interest, as fraudulent transfer pursuant to Bankruptcy Code §§ 548(a)(1)(A) and 550;

(c) Avoidance and recovery of the Preferential Transfer in the sum of not less than $10,000.00 plus interest, as fraudulent transfer pursuant to Bankruptcy Code §§ 548(a)(1)(B) and 550;

(d) Avoidance and recovery of the Preferential Transfer in the sum of not less than $10,000.00, plus interest, pursuant to DCL § 273 and Bankruptcy Code §§ 544(b) and 550;

(e) Avoidance and recovery of the Preferential Transfer in the sum of not less than $10,000.00, plus interest, pursuant to DCL § 274 and Bankruptcy Code §§ 544(b) and 550;

(f) Avoidance and recovery of the Preferential Transfer in the sum of not less than $10,000.00 plus interest, pursuant to DCL § 275 and Bankruptcy Code §§ 544(b) and 550;

(g) Avoidance and recovery of the Preferential Transfer in the sum of not less than $10,000.00, plus interest, pursuant to DCL § 276 and Bankruptcy Code §§ 544(b) and 550;

(h) An award of attorneys fees pursuant to DCL § 276-a and Bankruptcy Code § 544(b);

(i) Judgment that Defendant is liable to Plaintiff under New York common law for unjust enrichment in an amount as yet to be determined, but in no event less than $1,509,336.59, plus appropriate interest thereon;

(j) Disallowing any claims of Defendant pursuant to Bankruptcy Code § 502(d), until it turns over to Plaintiff the amounts avoided and recovered as Preferential Transfer and Preferential Transfer; and

(k) An award of such other and further relief the Court deems just and proper.

Dated: East Meadow, New York
     March 29, 2021     **CERTILMAN BALIN ADLER & HYMAN, LLP**
                                  Attorneys for Chapter 7 Trustee, Richard J. McCord

                          By:   /s/ Richard J. McCord
                                Richard J. McCord, Esq.
                                90 Merrick Avenue
                                East Meadow, New York 11554
                                (516) 296-7000